# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Davon Laval Heyward, ) | Civil Action No.: 0:18-cv-01441-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Chief Beatty, Director of the Charleston ) | |
| County Detention Center, and ) | |
| Scarlett Wilson, Attorney for Respondents, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____ ) | |

Petitioner, a self-represented, state pre-trial detainee, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 1915. (ECF No. 11 at 1.) This matter is before the court for review of Magistrate Judge Paige J. Gossett's Report and Recommendation ("Report") filed on July 27, 2018, recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. (*Id.* at 4.) The Report concludes that the dismissal of criminal indictments, as requested by Petitioner, is not attainable through federal habeas corpus because they are pending criminal matters in state court. (*Id.* at 3-4.) For the reasons set forth below, the court **ACCEPTS** the Report and **DISMISSES** Petitioner's Petition without prejudice and without requiring Respondents to file a return.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 11.) As brief background, Petitioner has criminal charges pending in the Charleston County Court of General Sessions, and he claims that the State has failed to provide sufficient evidence to support the charges in his indictments. (ECF No. 1 at

1.) Petitioner requests that the court dismiss these charges through a Petition for a Writ of Habeas Corpus. (*Id.*) Because a dismissal of an indictment is not attainable through federal habeas corpus under *Younger v. Harris*, 401 U.S. 37 (1971), the Magistrate Judge recommended that Petitioner's Petition be dismissed without prejudice. (ECF No. 11 at 3-4.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were notified of their right to file objections on July 27, 2018. (ECF No. 11 at 5.) Neither party filed objections to the Magistrate Judges's Report. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the

District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 11.) Moreover, since no specific objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

Based upon the reasons herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11) and incorporates it herein by reference. For the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 11), Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without prejudice and without requiring Respondents to file a return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 2, 2018
Columbia, South Carolina

4